PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER A. THOMPSON, ) | |
| ) | CASE NO. 1:13CV1324 |
| Petitioner, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| MARK HOOKS,[1] Warden, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | [Resolving ECF Nos. 17 and 19] |

Petitioner Christopher A. Thompson, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging two (2) grounds for relief which challenge the constitutional sufficiency of his convictions for felonious assault and having a weapon while under disability in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-10-540967-A. The case was referred to Magistrate Judge James R. Knepp II for a Report and Recommendation. The magistrate judge subsequently issued a Report and Recommendation (ECF No. 16). In his Report, the magistrate judge recommends that the petition be dismissed. Petitioner filed Objections to the magistrate judge's Report (ECF Nos. 17

---

[1] Warden Christopher LaRose was the original respondent. He was sued in an official capacity as a public officer. According to the Ohio Department of Rehabilitation and Correction website (http://www.drc.ohio.gov/rci (last visited September 30, 2016)), Petitioner is currently serving a 10-year term of incarceration at the Ross Correctional Institution. Mark Hooks is the Warden at that facility. Pursuant to Fed. R. Civ. P. 25(d), Hooks's name has been automatically substituted as a party.

(1:13CV1324)

and 19). This Court, after reviewing the objections, hereby adopts the Report and dismisses the petition.

## I. Facts

On direct appeal, the Ohio Court of Appeals described the factual background of Petitioner's trial and convictions. See *State v. Thompson*, No. 96929, 2012 WL 760515, at *1-2 (Ohio App. 8th Dist. March 8, 2012) (ECF No. 10-1 at 78-83).

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

## III. Law & Analysis

When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v.*

2

(1:13CV1324)

*Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections:  to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'"  *Id*. (citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

> Notably, Petitioner did not object to the magistrate judge's recommendation to dismiss the ineffective assistance of trial counsel claim in his first habeas ground for relief.  ECF No. 16 at PageID #: 701.

> Regarding the Due Process identification claim in Petitioner's second habeas ground for relief, the magistrate judge recommended that "the Court dismiss ground two of the Petition because it is procedurally defaulted."  ECF No. 16 at PageID #: 697.  The recommendation was based on Thompson's failure to comply with Ohio's contemporaneous objection rule and Ohio App. R. 12(A)(2), which requires an appellant to identify in the record the error on which an assignment of error is based.  ECF No. 16 at PageID #: 693-97.

> The magistrate judge also found that Petitioner "has not shown adequate cause to waive his procedural default," and that it was unnecessary to "address whether prejudice resulted." ECF No. 16 at PageID #: 697.  Petitioner's objection (ECF No. 17) do not refute those findings or establish cause and actual prejudice, a manifest injustice, or actual innocence to excuse his procedural default.

3

(1:13CV1324)

Petitioner's submission of an excerpt of the trial testimony of Justin Fisher, a MetroHealth Police Officer (ECF No. 17-1), does not cure the state court procedural default on direct appeal. *See Thompson*, 2012 WL 760515, at *4. Nor does it establish excusable cause for Petitioner's previous failure to cite the record. The magistrate judge correctly stated that the Court does not need to address whether prejudice resulted because Petitioner has not shown adequate cause to waive his procedural default. ECF No. 16 at PageID #: 697. Unless cause is established, a reviewing district court need not address the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). This requires showing that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* at 687. A petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, so if the court determines that a petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

The arguments and record citation in Petitioner's objections do not establish ineffective assistance of counsel as cause to excuse his state court procedural default. To the contrary, the state court transcripts demonstrate that Petitioner's trial attorney explicitly cross-examined Officer Fisher about the challenged testimony. *See* ECF No. 10-3 at PageID #: 479-480. Since Petitioner has not shown that either his trial or appellate counsel's performance was

(1:13CV1324)

unconstitutionally deficient, the Court does not have to consider the second prong, *i.e.*, whether the trial or appellate attorneys' performance unconstitutionally prejudiced Petitioner.

In his objection (ECF No. 17), Petitioner contests for the first time the Blind Administrator's in-court misidentification of the victim. The Due Process identification claim Petitioner raised in his petition challenges law enforcement's out-of-court identification process (ECF No. 1 PageID #: 41-42) and the arguments raised in Petitioner's objection does not raise the same claim or refute the magistrate judge's findings and recommendation.

Finally, "Petitioner's *Pro Se* Response to Respondent Warden's Response to Objections to R&R (Doc.17)" (ECF No. 19) is an impermissible reply and/or an untimely objection. Therefore, the Court denies Petitioner leave to file a reply, and has not considered Petitioner's reply when adjudicating this matter. *Bozsik v. Bradshaw*, No. 1:03CV1625, 2011 WL 4631908, at *8 (N.D. Ohio March 18, 2011) (Limbert, M.J.), *interim report and recommendation accepted*, *Bozsik v. Bagley*, 2011 WL 4629023 (N.D. Ohio Sept. 30, 2011) (Lioi, J.). In addition, Petitioner's reply is not directly responsive to the Report and Recommendation (ECF No. 16) or the Warden's Response (ECF No. 18). Petitioner cannot raise new claims or arguments in a reply when those claims and arguments were never presented to the magistrate judge.

### IV. Conclusion

Plaintiff's Objections (ECF Nos. 17 and 19) are overruled and the Report and Recommendation (ECF No. 16) of the Magistrate Judge is hereby adopted. Christopher A. Thompson's Petition for a Writ of Habeas Corpus is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and

5

(1:13CV1324)

that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
|  September 30, 2016  |   /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |